## SUPREME COURT.

PEOPLE *ex rel.* LOPARDO agt. CATHOLIC PROTECTORY.

*Catholic Protectory — Vagrant children — Commitment under act of 1877, may be made without notice to parents.*

Children found picking rags in the streets of the city of New York may be committed to the Catholic Protectory under the act of 1877 (*Laws of 1877, chapter* 428), without notice to parents or guardians.

*Special Term, August,* 1881.

CULLEN, *J.* — In this and three other cases the relators seek their discharge from the protectory, to which they were committed for picking rags. The same point is involved in all the cases. It is claimed that the detention is unlawful because the provisions of sections 10 to 14 of chapter 448, Laws of 1863 (the act incorporating the protectory), as to service of notice of such committal on the parents or guardians of the children committed, have not been complied with. If the relators were committed under the act of 1863 the point might be good. By that act, which was at the time the only authority for committing to the protectory, children coming within the terms of section 18 of the act of January 23, 1833, might be committed to the protectory instead of the alms-house, and provision was made for notice thereof being given to the parents. But by chapter 428, Laws of 1877, magistrates and courts are authorized to commit children coming within certain descriptions named in the act either to an orphan asylum, charitable or other institution, or may dispose of them as is provided by law in the case of truant, vagrant or disorderly children. By chapter 496, Laws of 1881, the act of 1877 is amended so as to include within its description of children subject to the act, such as may be found picking rags. These relators therefore, on conviction by the magistrate, were subject to two dispositions: First. Their commitment to orphan asylums and charitable institutions.

Second. To be treated as vagrant children. It is conceded that the respondent is such an institution as to which children might properly be sent. No provision for notice to parents is found in the act of 1877, and I think, therefore, when the commitment is made to the protectory, under the act of 1877, notice to parents is unnecessary. This would plainly be the case had the relators been sent to any other institution, and I do not think the restrictions or provisions of the act of 1863, which, in terms, applied only to certain commitments to the protectory, can affect or limit the provisions of the act of 1877.

Writs dismissed; relators remanded.